## Commonwealth v. Gerhardt

*Frederick F. Coffroth, District Attorney* for Commonwealth.

COFFROTH, *P.J.*, October 21, 1976—This controversey arises because of our order of October 14, 1976, disapproving for scheduling the district attorney's motion to place defendant on the ARD Program (Accelerated Rehabilitative Disposition Program). The prime issue is whether the court is required to schedule an ARD motion for hearing when the facts therein alleged make defendant patently ineligible for the program under present local court rules, and involves the validity of those rules.

The district attorney contends that scheduling is mandated by the provisions of Pa. R. Crim. P. 175 through 185 which govern the program, particularly Rule 178. Criminal Rules 175 and 176 authorize the district attorney to move for ARD con-

sideration by the court after a defendant is held for court or after an indictment or information is filed against him. Rule 177 requires that defendant and his attorney, and the victims of the offense charged, be notified of the district attorney's intention to present the motion. Only the district attorney may initiate judicial consideration of admission to ARD: Commonwealth v. Kramer, 28 Somerset 339 (1973); Commonwealth v. Caton, 29 Somerset 162 (1974).

Criminal Rule 178, which is central to the inquiry provides that: "Hearing on a motion . . . shall be in open court in the presence of the defendant, his attorney, the attorney for the Commonwealth, and any victims who attend." (Emphasis added). That rule also prescribes that certain inquiries be directed to defendant at the hearing, and Rule 179 further regulates the procedure to be followed at a hearing on the motion.

There is nothing in the Pennsylvania Rules of Criminal Procedure which limits or defines the type of offense or type of offender which the program may be applied to, and there is no provison expressly mandating that the court must entertain or hold a hearing on every ARD motion. Nevertheless, the district attorney takes the position that the rule providing the procedures to be followed at a hearing on the motion mandates a hearing, and that the court is without power to exclude from judicial consideration, and therefore from hearing, certain types of cases and certain types of offenders, on principle by general rule.

We think that is too narrow a reading of the Pennsylvania Rules of Criminal Procedure, and that it does not reflect the intent of the Supreme Court in promulgating them. Therefore, in 1972

this court adopted local rules governing the ARD Program, amended in 1974. These rules provide that certain *offenses* do not qualify for ARD treatment. Local Rule R1-105 states that:

"The following offenses do *not* qualify for ARD treatment:

a. Crimes causing death, or endangering life, or causing intentional personal violence. E.g.: robbery, forcible rape, A&B, involuntary manslaughter, pointing a deadly weapon, etc.

b. Any motor vehicle violation causing serious personal injury to another. E.g.: driving under the influence, hit-run, etc.

c. Drug cases, other than prosecutions under Section 13(31) of the Controlled Substance Act as amended. 35 PS 780-113(31).

d. Serious morals offenses involving children: E.g.: statutory rape, incest, corruption of minors or children, etc."

The local rules also provide that in order to qualify for the program, defendant must be a *first offender* (R1-103a), "unless there are exceptional and compelling reasons set forth in the motion or in an amendment or supplement thereto" (R1-103c). A first offender is defined as "a person who (a) has no criminal or motor vehicle record, or (b) had a record which can fairly be classified as insignificant" (R1-104).

The local rules further provide that the ARD motion must set forth defendant's record (R1-102), that the motion be approved for scheduling for hearing if the case qualifies under the rules but shall be disapproved for scheduling if it does not qualify (R1-103). There are provisions for amending or supplementing an insufficient motion (R1-103b and c), and for conference with the court on

request of any party if scheduling has been disapproved (R1-106).

Such local rules are permissible. Criminal Rule 1(b) provides that:

"Each of the courts exercising criminal jurisdiction may adopt local rules of procedure which shall not be inconsistent with or in conflict with these rules."

Local supplementary rules cannot be effective until a copy is lodged with the Criminal Procedural Rules Committee of the Supreme Court, which is empowered at any time to suspend or require amendment of any local rule (Criminal Rule 1c). The criminal rules of this court, including the ARD rules, have been duly filed and none has been suspended or disapproved.

The question is whether our local ARD rules are consistent or inconsistent with those of the Supreme Court. The district attorney claims that the inconsistency is patent. We disagree.

In order for the district attorney's position to have validity, it is necessary to imply from the terms of Criminal Rule 178, which prescribe the procedures to be followed at an ARD hearing, that the Supreme Court intended to mandate a hearing in *any* case in which the district attorney elects to file an ARD motion, no matter what the nature of the offense or the offender. As previously pointed out there is no language elsewhere in the criminal rules which evidences such a purpose. The Supreme Court's Rules Committee is capable of clearer language than that contained in Criminal Rule 178 above quoted, to mandate a hearing, if that were intended. For example, in Criminal Rule 323(e) pertaining to suppression applications, it is provided that upon filing of the application "the

court shall fix a time for hearing." Other rules expressly grant "the right to be heard thereon." See Criminal Rule 1100(c). Those latter provisions plainly require a hearing; no such compelling language appears in the ARD rules. It is a fair conclusion that no such language or meaning was intended and that it was not intended to preclude the district courts from adopting local rules expressing general policies governing the inclusion and exclusion of types of offense and offender in and from the ARD Program.

Our conclusion is consistent with the fact that the Pennsylvania Rules of Criminal Procedure ARD rules were and are experimental in character. In 1971, the rules first authorized the program in Philadelphia County, and in 1972 the authority to use it was extended to the other counties. The experimental nature of the program helps to explain the absence of language in the Pa. R. Crim. P. ARD rules specifying types of case or offender admissible to the program. We think that the absence of such language was intentional, not to mandate judicial consideration of all cases which the district attorney wishes to present, but to enable the local courts to diversify in experimenting with the program by determining the types of case and offender to be considered. Compare Commonwealth v. Atkin, 69 D. & C. 2d 596 (1974), in which the Warren County Court declines to accept motor vehicle offenses in the program. Some districts refuse driving under the influence cases.[1]

_____

1. There is some dissatisfaction with the unequal consequences of this ARD diversity throughout the state, and it is not beyond expectation that the Rules Committee of the Supreme Court may undertake to standardize the program in the future.

Our view derives affirmative support from the committee comments to the Supreme Court Rules. Those comments, fairly read, exhibit the intent to allow local experimentation. For example, as to restrictions upon the type of case to be considered for ARD, the comment (second paragraph) to Criminal Rule 185 provides in part as follows:

"The practice in Philadelphia County has been to include in this program primarily minor property crimes and small scale narcotic offenses and to exclude from the program all crimes of violence. Nevertheless, no attempt has been made in these Rules to specify what cases or classes of cases should be eligible for inclusion in the program."

This comment plainly assumes local authority to exclude from the program specified types of cases.

As to type of offender limitations, the comments are also revealing. In the comment to Criminal Rule 177, which sets forth a form of hearing notice and a form of notice to victim used in ARD cases in Philadelphia, the notice to the victim says, inter alia:

" 'The purpose of this program is to take offenders who have not yet made crime a way of life and encourage them to make a new start under the supervision of this program and by offering them the possibility of restoring a clean record by completing this program successfully. Removing these *first offenders* from the criminal courts will, in turn, make those facilities available for the trial and rehabilitation of habitual or violent criminals.

" 'The defendant in this case has been chosen for the purpose of Accelerated Rehabilitative Disposition. To qualify, he had to have a *record free from criminal convictions and, in addition, not be accused of a crime of serious violence.* Normally, to

qualify for this program the crime must be one in which the defendant hurt no one but himself.' " (emphasis added.) Quite obviously, the scriveners of the Pennsylvania Rules of Criminal Procedure contemplated that a local court might (indeed, should) adopt general rules excluding specified serious offenses and repeat offenders from consideration in the program; such cases are disentitled to hearing.

In the instant case, the district attorney has moved for ARD consideration of defendant's charge of driving under the influence despite the fact that he was convicted of burglary, a first degree felony, as recently as 1974. Defendant is not, therefore, a first offender; instead he is a repeater, not entitled to the special treatment afforded by the ARD Program, which includes being excused from pleading guilty or not guilty, being excused from incarceration, and then being entitled to have the charge against him dismissed without trial or plea after successfully serving a term of probation which cannot exceed two years.

Under our local rules, exceptions to the first offender requirement can be made in exceptional and compelling circumstances if they are stated in the motion or in a supplement or amendment thereto; but the motion in this case sets forth no special circumstances. On the contrary, when this writer as Motions Judge requested of the district attorney an explanation or statement of facts why this case should be scheduled for ARD, the motion was returned to the court, by messenger, with a written memorandum stating inter alia that the district attorney does "not recognize the court's authority to refuse to schedule the same for hearing," and asserting no facts which would justify

scheduling the case for a hearing under local rules.

It must be stressed that a motion to admit a repeater to the ARD Program is not entitled to consideration merely because there might be exceptional and compelling circumstances to justify it, if those circumstances lie latent and unaverred. The motion is a pleading, and it must fulfill the function of a pleading to inform the parties and the court of the issues at hand. See Pittsburgh National Bank v. Garrity, 31 Somerset 333, 337 (1976); Reisman Sons v. Snyder Potato Chips, 31 Somerset 77, 108 (1975). If the ABC's of pleading are violated or ignored, and the facts essential to relief are not properly averred, the parties are neither subject to nor entitled to a hearing, and the court is not available for a hearing: Baltzer v. Shanksville-Stonycreek, Bd. Directors, 27 Somerset 161, 168-169 (1972). So, local Rule 1-103c requires that exceptional and compelling reasons for granting ARD consideration to a repeat offender be set forth in the motion or in a supplement or amendment thereto.

These pleading requirements take on added importance for the prevention of discrimination in the administration of the program. Exceptions to general principles, lightly made, tend to favoritism and to undercut the struggle for equal justice. This relationship between pleading and equality of treatment is well stated in Commonwealth v. Yoder, 27 Somerset 155, 158 (1972), where we said:

"This is not to say that Courts are insensible to extenuating and mitigating circumstances, or that individual exceptions cannot be made, both in assessing liability and determining penalty after

liability is declared. But the causes for special treatment must be objectively determined and articulated. This is essential so that others similarly situated can be treated the same. Otherwise equal protection of law becomes an illusion and the interests of society as a whole are sacrificed to an arbitrary and unprincipled accommodation of preferred individuals."

In order for this case of a second offender to qualify for ARD hearing, the motion like any pleading must aver facts sufficient to warrant relief. If and when such facts are averred, the motion will receive further consideration.

The provisions in our local rules for preliminary judicial review of ARD motions, to determine eligibility of the case for ARD consideration, and accordingly to approve or disapprove the motion for scheduling, are wise and salutary, indeed necessary, for two important reasons:

First, in ARD cases, the adversary system which our judicial system ordinarily relies upon to illuminate and to ferret out the issues of a case, is inoperative once an ARD motion is filed. Then Commonwealth counsel and defendant are in league, both urging upon the court approval of the motion. No critical adversary stands by to enlighten the court of errors and deficiencies, if any, in the proceedings. So it falls to the court itself to scrutinize the motion to assure that governing rules and principles are adhered to and that the larger public interest does not, for want of an advocate, go begging amidst the community of interest which has suddenly sprung up among prosecutor and defendant.

Second, the judicial system should not allow, and never has allowed itself to be used for ritualis-

tic hearings to consider granting relief to parties who under the averments of the pleadings are plainly not entitled to relief. To require hearings in such a case compels the court to undergo a meaningless ceremony whose result is foreordained. Such a procedural system is a gross waste of judicial resources, of the time and effort of the public officers, the victims, the witnesses and others who had been needlessly assembled for hearing, and a waste of money, unworthy of adoption.

The preliminary ex parte judicial review (with opportunity for party input if hearing is denied), is a fair and expedititious procedure, which in practice here over the past three years or more has well served the legitimate public and private interests involved.

Finally, we are at a loss to see why the district attorney should be pressing the court to consider granting to repeat violators of the criminal law, the relative leniency of ARD treatment.[2] Suffice it to say, his position is in striking conflict with our own notions of the proper goals of the criminal law today.

This opinion accompanies our order of 10-13-74, disapproving for scheduling the district attorney's motion for ARD treatment of this defendant.

---

2. See, for example: *Commonwealth v. Millinder,* 320 Criminal 1975; *Commonwealth v. Jordan,* Nos. 66, 67, & 68 Criminal 1976; *Commonwealth v. LaPorta,* 428 Criminal 1975; *Commonwealth v. Jerin,* Nos. 72, 73, 74, 75, 76 & 77 Criminal 1976. Compare *Commonwealth v. Hickenbottom,* 31 Somerset Legal Journal 30 (1976), plea bargain, and *Commonwealth v. Mitchell,* 51 Criminal 1975, plea bargain.

## MEMORANDUM RE:

## RECONSIDERATION OF ARD MOTION

COFFROTH, *P.J.*, October 25, 1976—The district attorney has forwarded a letter request for reconsideration of our order of 10-13-76 disapproving the above case for scheduling for ARD hearing. The reason given for reconsideration is that Criminal "Rule 178 requires a hearing in 'open court.' "

The district attorney's contention has been fully discussed and rejected for the reasons set forth in our opinion of October 21, 1976, filed in support of the October 13th order. It is, or should be apparent from that opinion that the Rules of Criminal Procedure, particularly Rule 178, prescribe the procedure to be followed at an ARD hearing if, but only if, such a hearing is held; they do not mandate a hearing in cases which do not meet the requirements of local rules prescribing the type of offense and type of offender eligible for such consideration.

In the present case, defendant is not a first offender as local rules require; neither the motion for ARD nor the request for reconsideration alleges the exceptional and compelling circumstances necessary to make defendant eligible for ARD hearing. As pointed out in the prior opinion, the motion will receive reconsideration only if such circumstances are averred.

The provisions of local Rule R1-106 entitle the district attorney to a conference with the court respecting the propriety of scheduling the case for hearing, at which both parties should be present. In the present posture of the case, such a conference is likely to be useful only if facts can be sub-

mitted which might qualify the case for ARD treatment under local rules.

## ORDER

Now, October 25th, 1976, the district attorney's request for reconsideration of the order of October 13, 1976, disapproving the ARD motion for scheduling, is denied. Leave is granted to amend or to supplement the ARD motion with qualifying facts and to re-present the same.